## Lazzari, Appellant, v. Lazzari.

*Judgment—Payment—Partnership—Evidence.*

On the trial of an issue to determine what, if anything, was due upon a judgment entered on a judgment note, the case is for the jury and a judgment and verdict for the defendant in the judgment will be sustained, where the evidence for the latter, although contradicted, tended to show that the debt represented by the judgment had been fully discharged by the settlement of a partnership business, and a delivery by the defendant to the plaintiff of the latter's interest in the business which had been carried on in the defendant's name.

Argued April 17, 1906. Appeal, No. 62, April T., 1906, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1904, No. 121, on verdict for defendant in case of Guiseppe Lazzari v. Louis Lazzari. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Issue to determine the validity of a judgment.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were various rulings on evidence, and the refusal of binding instructions for the plaintiff in the judgment.

*T. F. Birch*, with him *George L. Schuyler*, for appellant, cited: Velott v. Lewis, 102 Pa. 326 ; Russell v. Miller, 54 Pa.

154; Sennett v. Johnson, 9 Pa. 335; Wharton v. Douglass, 76 Pa. 273; Laughlin v. Conn, 191 Pa. 150; Gilkyson v. Larue, 6 W. & S. 213.

*Call E. Gibson,* of *McIlvain, Vance & Gibson,* for appellee.

OPINION BY HENDERSON, J., June 30, 1906:

The first four assignments of error relate to the admissibility of evidence. The relevancy of the portions objected to depends upon the question at issue and this is ascertained by reference to the petition and answer. The defendant in the judgment alleged that he had settled in full with the plaintiff for all debts and claims existing on December 1, 1902; that no part of the debt secured by the note on which the judgment was entered remained unpaid and that the payee of the note when asked to deliver it to the maker said that he had destroyed it. The plaintiff in the judgment denied these allegations and the case was tried on the issue so formed. The maker of the note asserted that it was given for a partnership interest in a firm then formed, composed of the maker of the note, the payee and their brother, Peter. The former had been carrying on the business for about three years in his own name, and when his brothers came from Italy he gave them an interest in the business for which each of them paid a sum of money. Inasmuch, however, as it was deemed advisable to carry on the business in the name of the appellant as it had been before the partnership was formed and no articles of association were signed, Guiseppe and Peter desired evidence of their interest in the firm until their title was otherwise made to them. The interest of Guiseppe was fixed at the amount of the note. According to the theory of the appellee this arrangement was to continue until there was a division of assets or the appellant was otherwise satisfied in regard to his share of the business. It was shown that the partnership was dissolved and the firm assets, except uncollected accounts, divided December 2, 1902, at which time an agreement in writing was entered into by the three partners wherein it was agreed among other things, " All previous business heretofore existing between the parties herein named is by this instrument in writing settled and forever closed." The appellee's allegation was that by the delivery of his share of the firm as-

sets to the appellant the obligation of his note was met and discharged and from his point of view the evidence objected to was relevant. The mode of attaining the object sought was not a usual one, but was the same as that resorted to by the parties at another time, and if it was the agreement that Guiseppe would accept the note of Louis in place of written articles of partnership no legal objection exists against such a mode of attaining the desired end. If Guiseppe got his interest out of the firm and the transaction was as claimed by Louis, he received the consideration for the note. While the allegation of the appellee is denied by the appellant the case is not one simply of oath against oath, for the agreement of December 2, 1902, strongly corroborates the appellee. The appellant alleges that it was not intended to apply to any individual transaction, but it is broad enough in its terms to cover the transaction as contended for by the appellee. The testimony of Mr. Williams, who witnessed the agreement, also supports the plaintiff's claim that the contract was intended to include all their business. It is also shown that Guiseppe and Peter gave to Louis on the date of the agreement their note for $3,872.24 to secure him against the debts of the firm, which were all contracted in his name. There was also some evidence that Guiseppe did not possess $780 at the date of the note. In connection with the other evidence the fact is also significant that no steps were taken to collect the note for about ten years after it became due, notwithstanding the fact that business transactions had taken place between the parties during that period. While the evidence of the appellee is contradicted by the appellant, and to a considerable extent by Peter, an issue of fact is raised which might well induce a chancellor to consider the question involved so doubtful as to call for the opening of the judgment. The defense in the judgment was not, therefore, an allegation of failure of consideration but an averment that the consideration had been fully discharged by settlement of the partnership business and a delivery by the appellee to the appellant of the latter's interest in the business which had been carried on in the appellee's name.

In this view of the case the charge of the court is free from criticism. The jury was fully instructed as to the burden of proof and the charge of the court indicates that the counsel en-

gaged in the trial of the case were in accord upon the question of the degree of evidence required.   The substance of the appellee's claim was that he had turned over to the appellant the latter's interest in the firm in satisfaction of the obligation, and upon that he is corroborated to a material extent.   After a careful examination of the voluminous evidence brought up on the appeal we are unable to conclude that the court erred in admitting the evidence and giving the instructions complained of.

The judgment is, therefore, affirmed.